IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILIA SEGRETI,<br>          Plaintiff,<br><br>vs<br><br>BOROUGH OF WILKINSBURG, et al.,<br>          Defendants. | Civil Action No. 09-1511 |

O R D E R

On July 11, 2011, the United States Court of Appeals for the Third Circuit issued an opinion in an appeal filed by Plaintiff, Emilia Segreti, in the above-captioned case. The opinion affirmed the orders of this Court that granted two motions to dismiss that had been filed by various groups of defendants. However, the court also concluded that, liberally construed, Plaintiff's Second Amended Complaint stated a claim for malicious prosecution under Pennsylvania law, an issue this Court did not address.

Because the two-year status of limitations for asserting such a claim, 42 Pa. C.S. § 5524(1), has lapsed during the pendency of Plaintiff's federal proceedings, the Court of Appeals directed this Court to enter an order dismissing Plaintiff's Second Amended Complaint, to the extent that it can be read to assert a state-law claim of malicious prosecution, for lack of jurisdiction. The mandate of the Court of Appeals issued on August 2, 2011.

The purpose of this ruling is to allow Plaintiff to file the claim in state court retroactive to the date she filed her Second Amended Complaint in this Court. See 42 Pa. C.S. § 5103(b); Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1534-35 (3d Cir. 1992); McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 430-31 (3d Cir. 1983). It is noted that the federal supplemental jurisdiction statute states that the statute of limitations for a state-law claim is tolled while the

claim is pending in federal court and for a period of 30 days after it is dismissed. 28 U.S.C. § 1367(d). In addition, several state court decisions have held that the plaintiff should file the case in state court "promptly" and have suggested a period of 30 days. See Collins v. Greene County Mem. Hosp., 615 A.2d 760, 763 (Pa. Super. 1992); Williams v. F.L. Smithe Mach. Co., 577 A.2d 907, 911 n.1 (Pa. Super. 1990).

AND NOW, this 2nd day of August, 2011,

IT IS ORDERED that, pursuant to the mandate of the Court of Appeals, Plaintiff's Second Amended Complaint, to the extent that it can be read to assert a state-law claim of malicious prosecution, is dismissed for lack of jurisdiction.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: Emelia Segreti
126 Angela Dr.
Pittsburgh, PA 15221